**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

JESSE EARL McCARVER                                                                    PLAINTIFF
ADC #76860

V.                                        NO: 2:10CV00192 SWW/HDY

TODD BALL *et al.*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, (docket entry #2), on November 29, 2010. On May 15, 2012, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #31-#33). Although Plaintiff has been granted additional time to respond (docket entry #35), he has not done so.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a

2

showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

In his complaint, Plaintiff asserts that he fears for his life at the EARU, has already been assaulted and forced to pay other inmates money, and that staff members refuse to do anything to help him.  Defendants assert, among other things, that Plaintiff failed to exhaust his administrative remedies with respect to his claims against any Defendant before he filed his lawsuit.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff.  *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).  In support of their claim that Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit, Defendants have provided the affidavit of Barbara Williams, the ADC's inmate grievance supervisor (docket entry #31-1).  According to Williams, Plaintiff did not name any Defendant in any grievance before he filed this lawsuit.[1]

---

[1]Williams did indicate in her affidavit that Plaintiff filed a grievance regarding the alleged threats, but it did not name any Defendant, was investigated, and led to Plaintiff being granted protective custody status.

Defendants also provided a copy of the applicable inmate grievance policy, which is attached to Williams's affidavit as exhibit A.  The policy directs inmates to name the "personnel involved" when they begin the grievance process by submitting an informal resolution attempt.  That requirement is on the grievance form itself (docket entry #31-1, pages #8 & #24).  The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Because it is clear that Plaintiff did not properly exhaust his administrative remedies against any Defendant pursuant to the ADC's grievance procedure, Defendants are entitled to summary judgment.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendants' motion for summary judgment (docket entry #31) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   29   day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE